**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|                          |     |                          |
|--------------------------|-----|--------------------------|
|                          | }   |                          |
| In re: Cote NOV Appeal   | }   | Docket No. 273-11-06 Vtec |
|                          | }   |                          |

**Order on Motion to Continue**
**and**
**Judgment Order**

This matter concerns Ms. Janet Cote's appeal of the notice of violation issued to her on July 11, 2006 by the Town of St. Albans Zoning Administrator. The matter was originally scheduled for a merits hearing on November 20, 2007, but was rescheduled at Ms. Cote's request to begin on December 19, 2007. Just as the rescheduled merits hearing was about to begin, Ms. Cote filed a handwritten motion for a continuance, alleging an illness that prevented her from participating in the hearing. Ms. Cote was informed minutes before the hearing that the Court would address her motion at the very start of the hearing. Ms. Cote then passed a handwritten note to the Court thanking the judge. Ms. Cote then abruptly left the courthouse and did not return. She gave no explanation for her departure.

Ms. Cote did not support her motion with any evidence of her illness, save for refusing to speak with staff at the courthouse. Because she offered no evidence, made no argument supporting her motion, and abruptly disappeared, the Court concluded that her allegations of sudden illness were not credible and **DENIED** her motion to continue.

Ms. Cote had been given both notice of the merits hearing and an opportunity to be heard. See <u>Alger v. Dep't of Labor & Indus.</u>, 2006 VT 115, ¶ 28 (due process normally satisfied by notice and opportunity to be heard). Ms. Cote chose not to participate and her motion to continue was denied. Weighing the relative credibility of Ms. Cote's representations against the time and expense that this Court, the Town of St. Albans and the two neighboring property owners (who are parties to this proceeding and appeared for the trial) have already incurred and would continue to incur if the merits hearing were delayed further, the Court completed the merits hearing without Ms. Cote.

The Town presented testimony and exhibits of Ms. Cote's alleged zoning violations. Based upon the evidence presented at the merits hearing, the Court hereby issues its judgment and decree:

Based upon the evidence presented, the Court does hereby find that Ms. Janet Cote, owner of the developed property at the corner of Maquam Shore and Sandy Cove Roads in the Town of St. Albans did cause (1) more than 100 cubic yards to be placed upon her property; (2) used a portion of said fill to create earthen berms along a considerable portion of her northern, southern and western boundaries, which berms disturbed and redirected the natural flow of surface and storm water on her and neighboring properties; (3) installed a drainage ditch on her property, causing water and effluent from a nearby failed waste disposal system to be diverted onto an abutting property; and (4) filled in the northerly roadside ditch along Sandy Cove Road, thereby disturbing the natural flow of water in said ditch. Ms. Cote's actions occurred on or before July 11, 2006; the evidence presented at trial was that such activities continued through the date of trial.

Based upon the above, the Court concludes that Ms. Janet Cote has altered her property in such a way as to cause substantial change in the volume and drainage of surface and storm waters on her and neighboring properties, thereby necessitating that she receive site plan approval, pursuant to the Town of St. Albans Zoning Bylaws and Subdivision Regulations § 411. Ms. Cote has not received the required site plan approval; to this day, she has chosen to not apply for site plan approval.

For all these reasons, the Zoning Administrator's Notice of Violation letter, dated July 11, 2006, is hereby **UPHELD**. The proceedings before this Court in this Docket are now concluded.

Done at Berlin, Vermont this 19th day of December, 2007.

_____
Thomas S. Durkin, Environmental Judge